UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN ALEXANDER POWELL,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID E. ORTIZ, et al.,<br><br>    Defendants. | No. 20-cv-0593 (NLH) (AMD)<br><br>**OPINION** |

**APPEARANCE:**

SHAWN ALEXANDER POWELL
70439-056
FAIRTON
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320

    *Plaintiff Pro se*

**HILLMAN, District Judge**

    Plaintiff, Shawn Alexander Powell, is a federal prisoner currently incarcerated at FCI Fairton, and previously incarcerated at FCI Fort Dix, New Jersey. Plaintiff alleges deliberate indifference to his medical needs under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and Carlson v. Green, 446 U.S. 14 (1980) arising from four skin abscesses he suffered in December 2016 through March 2018 while at FCI Fort Dix.

    On August 28, 2020, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and permitted

1

Plaintiff's Eighth Amendment claim to proceed against Defendants D. Ortiz, C. Smith, M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, Counselor T. Jones, and John and Jane Does 1-5. (Docket No. 4.) The Court directed the Clerk to mail Plaintiff U.S. Marshal Service ("USMS") 285 Forms, which needed to be completed by Plaintiff and returned to the Clerk's office so that the USMS could serve each defendant with the summons and complaint.

On November 9, 2020, Plaintiff filed a motion for an injunction against several FCI Fort Dix staff members. (Docket No. 9.) Plaintiff's motion requests that staff provide him with informal remedy forms, that staff refrain from opening his legal mail outside of his presence, and that the food administration staff prepare and cook his food in compliance with his special Kosher diet.

On November 13, 2020, Plaintiff filed a "Motion to Order Defendants to Reply" to his complaint. In that motion, Plaintiff states that he returned the USMS 285 forms, but he had not been notified as to whether the defendants had been served. (Docket No. 10.)

On December 1, 2020, Plaintiff was transferred to FCI Fairton. (Docket No. 15 at 1.) On December 2, 2020, at the request of the USMS, the Clerk's office reissued the summonses for Defendants D. Ortiz and C. Smith based on the two USMS 285

2

Forms completed by Plaintiff on September 8, 2020 and received by the Clerk's office on September 18, 2020. (Docket No. 7, 13.) The summons were returned as executed on December 3, 2020. (Docket No. 14.) These Defendants' responses to Plaintiff's complaint were due by February 1, 2021. Defendants did not appear in the action. Defendants D. Ortiz and C. Smith were served by the USMS a second time on February 25, 2021.[1] (Docket No. 16.) The responses to Plaintiff's complaint from this second service of process were due by April 26, 2021.

On December 11, 2020, Plaintiff filed a second motion for an injunction. (Docket No. 15.) In this motion, Plaintiff requests that the Court direct FCI Fairton staff to give him treatment for tooth pain, provide him with grievance forms, and to properly prepare his Kosher meals.

Plaintiff's three motions will be denied. Plaintiff's November 9, 2020 motion for injunctive relief against several FCI Fort Dix staff members will be denied because it seeks relief against parties who are not defendants in this action and for claims not asserted in this action.[2] Plaintiff's December

---

[1] The same September 8, 2020 USMS 285 Forms were used in the December 3, 2020 service and the February 25, 2021 service. The duplicative service appears to be an internal USMS administrative error.

[2] Additionally, the relief Plaintiff has requested has become moot by his transfer to FCI Fairton.

3

11, 2020 motion for injunctive relief against several FCI Fairton employees will be denied for the same reasons in that the pending action is brought against officials at FCI Fort Dix not FCI Fairton.

As for Plaintiff's November 13, 2020 motion regarding the status of service of his complaint on the defendants, the Court will deny that motion as moot. The clerk's office received the 285 Forms Plaintiff completed for Defendants D. Ortiz and C. Smith, and the USMS served those Defendants.

To date, and despite having been served twice, D. Ortiz and C. Smith have not appeared in the action. Although the Court cannot order D. Ortiz and C. Smith to respond to Plaintiff's complaint as he requests in his November 13, 2020 motion, the Court notes that the Federal Rules of Civil Procedure provide a procedure for instances where a properly served defendant fails to respond a plaintiff's complaint. The obligation to follow this procedure and pursue his claims is on Plaintiff.[3]

Relatedly, the Court further notes that Plaintiff has not returned USMS 285 Forms for the other nine named defendants, and therefore they have not been served with Plaintiff's complaint. Under Fed. R. Civ. P. 4(m), "if a defendant is not served within

---

[3] See Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  It has been over eight months since the Court permitted Plaintiff's Eighth Amendment violation claims to proceed, and Plaintiff has not completed and returned the USMS 285 Forms for nine of the defendants.  Without the completed USMS 285 Forms, the USMS is unable to serve those defendants.

    Consequently, the Court will order Plaintiff to show cause as to why his claims against Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones should not be dismissed without prejudice for lack of service.

    An appropriate Order will be entered.


Date:   June 28, 2021               s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.