UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN ALEXANDER POWELL,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID E. ORTIZ, et al.,<br><br>      Defendants. | 1:20-cv-00593-NLH-SAK<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

**APPEARANCE:**

SHAWN ALEXANDER POWELL
70439-056
TERRE-HAUTE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808

    Plaintiff appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Shawn Alexander Powell, a federal prisoner currently incarcerated at FCI Terre Haute and who was previously incarcerated at FCI Fairton and FCI Fort Dix, brings this matter alleging deliberate indifference to his medical needs under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and Carlson v. Green, 446 U.S. 14

(1980) arising from four skin abscesses he suffered in December 2016 through March 2018 while at FCI Fort Dix; and

WHEREAS, on June 28, 2021, the Court issued an Opinion and Order [Docket Numbers 18 and 19], denying Plaintiff's two motions for injunctive relief and another miscellaneous motion; and

WHEREAS, this Court also found that it had been over eight months since the Court permitted Plaintiff's Eighth Amendment violation claims to proceed, and Plaintiff had not returned the United States Marshals Service 285 Form ("USM-285 Form") for nine named defendants (M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones), and therefore they had not been served with Plaintiff's complaint; and

WHEREAS, the Court ordered Plaintiff to show cause within 20 days as to why his claims against Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones should not be dismissed without prejudice for lack of service pursuant to Fed. R. Civ. P. 4(m);[1] and

---

[1] Under Fed. R. Civ. P. 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the

2

WHEREAS, on September 2, 2021, the Clerk received notice that the mail containing this Court's June 28, 2021 Opinion and Order were undeliverable because Plaintiff had not been at FCI Fairton since May 19, 2021 [Docket No. 20]; and

WHEREAS, the Court determined using the Federal Bureau of Prisons Inmate Locator that Plaintiff was transferred from FCI Fairton to FCI Terre Haute; and

WHEREAS, on September 27, 2021, the Court issued a Memorandum Opinion and Order [Docket Number 21] holding that Plaintiff failed to comply with his affirmative duty to inform the Court of his current address and to provide updates in the event of a change of address; and

WHEREAS, the Court granted Plaintiff thirty days to inform the Court of his new address or the action would be dismissed based on his failure to prosecute and to comply with L. Civ. R. 10.1; and the Court held that if Plaintiff complied with the Order, then he would be granted twenty-eight days to respond to the Court's June 28, 2021 Order to Show Cause; and

WHEREAS, the Court instructed the Clerk of the Court to mail a copy of the Memorandum Opinion and Order to Plaintiff's address at FCI Terre Haute; and

WHEREAS, on October 26, 2021, the Court received

---

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

3

Plaintiff's response [Docket Number 22] to the Memorandum Opinion and Order's instruction to update his address and show cause why the claims against Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones should not be dismissed without prejudice for lack of service pursuant to Fed. R. Civ. P. 4(m); and

   WHEREAS, Plaintiff claims he only served Defendants David E. Ortiz and Charles C. Smith but not Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones because the Court only provided Plaintiff with six USM-285 Forms, which he claims were not enough copies for him to complete a USM-285 Form for each named Defendant.  Plaintiff also asserts that he does not know the other Defendants' full names and thus cannot complete USM-285 Forms for Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones.  In sum, Plaintiff claims he completed two sets of three USM-285 Forms for Defendants David E. Ortiz and Charles C. Smith and then mailed the forms to the Clerk to complete service; and

   WHEREAS, Plaintiff also claims he has been unable to complete USM-285 Forms for Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms.

4

Tucker, J. Suero, and Counselor T. Jones because he was under difficult circumstances, namely: (1) he was on suicide watch from May 17, 2021 to late June 2021, (2) his property (including court records, a calendar, legal papers, legal notes, and research materials concerning the case) was only just returned in July of 2021, and (3) the prison where he is incarcerated has limited movement due to Covid-19 such that he does not have access to research civil case law, access pertinent information regarding defendants, and lacks unspecified legal papers; and

WHEREAS, Plaintiff's response also seeks relief in the form of an order to show cause why default should not be entered against Defendants David E. Ortiz and Charles C. Smith. Plaintiff avers summons was executed on Defendants Smith and Ortiz on February 25, 2021, making their responses to the Complaint due by April 26, 2021.  As Defendants Ortiz and Smith have yet to answer or otherwise respond to the Complaint, Plaintiff claims he is entitled to default; and

WHEREAS, on October 27, 2021, counsel for Defendants Ortiz and Smith submitted a Letter [Docket Number 23] to the Court seeking to clarify the status of service represented in Plaintiff's response.  Specifically, the Letter articulates that the Court should deny Plaintiff's request for default because service is incomplete; and

WHEREAS, the Complaint names Ortiz, Smith, M. Grissom, J.

5

Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones as Defendants, ostensibly in their individual capacities;[2] and

WHEREAS, because all the aforementioned Defendants appear to be employees of the federal government, service is guided by Federal Rule of Civil Procedure 4(i)(3), which requires that a plaintiff suing a federal employee in his or her individual capacity must also serve the United States.  Fed. R. Civ. P. 4(i)(3) (stating that "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).)(emphasis added); and

WHEREAS, the Court notes that Federal Rule of Civil Procedure 4(i)(1) guides service of the United States, describing that to serve the United States, a party must:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical

---

[2] "Bivens only authorizes suit against federal officials in their individual capacities," thus Plaintiff must complete service to each Defendant who is a federal employee pursuant to Rule 4(i)(3).  Warren v. United States, 279 F. App'x 162, 163 (3d Cir. 2008).

>   > employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered mail to the civil-process clerk at the United States attorney's office;
>   
>   (B) send a copy of each by registered or certified mail to the Attorney General of the United State at Washington, D.C.[.]

Fed. R. Civ. P. 4(i)(1). Thus, to complete service for Ortiz and Smith, and, for that matter, to effectuate service of any additional Defendants that Plaintiff may seek to serve, Plaintiff must serve the United States Attorney for the District of New Jersey and the United States Attorney General as described above; and

   WHEREAS, while Plaintiff has served David E. Ortiz and Charles C. Smith individually, he has not yet served the United States making service incomplete and since service is incomplete Plaintiff is not entitled to default; and

   WHEREAS, putting aside the fact that service of Defendants David E. Ortiz and Charles C. Smith is deficient because Plaintiff has failed to serve the United States, the Court emphasizes that Plaintiff has already been given a substantial period of time beyond Rule 4(m)'s ninety-day deadline to serve M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones. See Fed. R. Civ. P. 4(m) (stating that "if a defendant is not

served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). However, because Plaintiff claims he was not given enough USM-285 Forms to serve M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones as well as other impediments to timely service, Plaintiff, who is *pro se* and incarcerated, will be given one final opportunity to effect proper service on all Defendants.

Therefore,

IT IS HEREBY on this  9th  day of September, 2022

ORDERED that Plaintiff's request for Default [Docket Number 22] be, and the same hereby is, DENIED; and it is further

ORDERED that the Clerk of the Court shall mail to the Defendant a sufficient number of USM-285 Forms to serve Defendants David E. Ortiz, Charles C. Smith, M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones, as well as forms to serve the United States Attorney for the District of New Jersey and the United States Attorney General.  Specifically,

8

the Clerk shall provide Plaintiff with thirteen (13) USM-285 Forms (which includes nine (9) USM-285 Forms to serve each individual, named Defendant (since Defendants David E. Ortiz and Charles C. Smith were already individually served, the Court holds that Plaintiff only needs to serve the United States to complete service of these two Defendants), as well as one (1) USM-285 Form to serve the United States Attorney for the District of New Jersey and one (1) USM-285 Form to serve the United States Attorney General,[3] and two (2) extra USM-285 Forms in case Plaintiff needs an extra copy); and it is further

ORDERED that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that Plaintiff shall have sixty (60) days from the date of this Memorandum Opinion and Order to: 1) return to the Clerk any properly completed USM-285 Forms for use by the United States Marshal's Service to effectuate service upon the United

---

[3] Plaintiff does not need to fill out a separate USM-285 Form to serve the United States for each individual Defendant.  Rather, only one USM-285 Form is needed for the United States Attorney for the District of New Jersey and only one USM-285 Form is needed to serve the United States Attorney General since all eleven Defendants can (and should) be named on the form.

States pursuant to Federal Rule of Civil Procedure 4(i)(1); and 2) return to the Clerk any properly completed USM-285 Forms for use by the United States Marshal's Service in serving Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones; and it is further

ORDERED that if Plaintiff fails to properly serve the United States, and file proof of such service, within the timeframe set forth above, this action will be dismissed against all Defendants without prejudice; and is further

ORDERED that if Plaintiff properly serves the United States but fails to return properly completed USM-285 Forms for any of the Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones within the time frame set forth above, then any claims against those individual Defendants will be dismissed without prejudice; and it is further

ORDERED that any Defendant not dismissed and properly served shall file an answer or other responsive pleading, not later than 60 days after proper service; and it is further

ORDERED that the Clerk of the Court shall mail a copy of this Order, as well as a transmittal letter explaining the procedure for completing the USM-285 Forms to Plaintiff at the following address:

```
SHAWN ALEXANDER POWELL
70439-056
FCI TERRE HAUTE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN  47808
```

At Camden, New Jersey

　　　　　　　　　　　　　　s/ Noel L. Hillman
　　　　　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.