```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                              :
SHAWN ALEXANDER POWELL,        :
                              :
          Plaintiff,           :   Civ. No. 20-0593 (NLH) (SAK)
                              :
     v.                        :   OPINION
                              :
                              :
DAVID E. ORTIZ, et al.,        :
                              :
          Defendants.          :
_____:
```

APPEARANCES:

Shawn Alexander Powell
70439-056
Federal Correctional Institution-Terre Haute
P.O. Box 33
Terre Haute, IN 47808

     *Plaintiff pro se*

HILLMAN, District Judge

     On January 16, 2020, Plaintiff Shawn Alexander Powell, a federal prisoner, filed this complaint alleging deliberate indifference to his medical needs under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and Carlson v. Green, 446 U.S. 14 (1980) arising from four skin abscesses he suffered in December 2016 through March 2018 while at FCI Fort Dix.  The Court permitted the complaint to proceed in part.  ECF No. 5.

     On November 9, 2020, Plaintiff filed a motion for an injunction against several FCI Fort Dix staff members.  ECF No.

9.  Plaintiff's motion requested that staff provide him with informal remedy forms, that staff refrain from opening his legal mail outside of his presence, and that the food administration staff prepare and cook his food in compliance with his special Kosher diet.  On November 13, 2020, Plaintiff filed a "Motion to Order Defendants to Reply" to his complaint.  In that motion, Plaintiff stated that he returned U.S. Marshal Form 285 ("USM-285 Forms"), but he had not been notified as to whether the defendants had been served.  ECF No. 10.

On December 1, 2020, Plaintiff was transferred to FCI Fairton.  ECF No. 15 at 1.  On December 2, 2020, at the request of the USMS, the Clerk's office reissued the summonses for Defendants D. Ortiz and C. Smith based on the two USM-285 Forms completed by Plaintiff on September 8, 2020 and received by the Clerk's office on September 18, 2020.  ECF Nos. 7, 13.  The summons were returned as executed on December 3, 2020.  ECF No. 14.  These Defendants' responses to Plaintiff's complaint were due by February 1, 2021.  Defendants did not appear in the action.  Defendants D. Ortiz and C. Smith were served by the USMS a second time on February 25, 2021.[1]  ECF No. 16.  The

---

[1] The same September 8, 2020 USM-285 Forms were used in the December 3, 2020 service and the February 25, 2021 service.  The duplicative service appears to be an internal USMS administrative error.

responses to Plaintiff's complaint from this second service of process were due by April 26, 2021.

On December 11, 2020, Plaintiff filed a second motion for an injunction asking the Court to direct FCI Fairton staff to give him treatment for tooth pain, provide him with grievance forms, and to properly prepare his Kosher meals. ECF No. 15. The Court denied all Plaintiff's motions on June 28, 2021. ECF No. 19. In addressing Plaintiff's service arguments, the Court noted that "The clerk's office received the 285 Forms Plaintiff completed for Defendants D. Ortiz and C. Smith, and the USMS served those Defendants." ECF No. 18 at 4. It also noted:

> To date, and despite having been served twice, D. Ortiz and C. Smith have not appeared in the action. Although the Court cannot order D. Ortiz and C. Smith to respond to Plaintiff's complaint as he requests in his November 13, 2020 motion, the Court notes that the Federal Rules of Civil Procedure provide a procedure for instances where a properly served defendant fails to respond a plaintiff's complaint. The obligation to follow this procedure and pursue his claims is on Plaintiff.
>
> Relatedly, the Court further notes that Plaintiff has not returned USMS 285 Forms for the other nine named defendants, and therefore they have not been served with Plaintiff's complaint. Under Fed. R. Civ. P. 4(m), "if a defendant is not served within 5 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." It has been over eight months since the Court permitted Plaintiff's Eighth Amendment violation claims to proceed, and Plaintiff has not completed and returned the USMS 285 Forms for nine of the defendants. Without

> the completed USMS 285 Forms, the USMS is unable to serve those defendants.

ECF No. 18 at 4-5 (footnote omitted).

The Court ordered Plaintiff to show cause as to why his claims against Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones should not be dismissed for lack of service. ECF No. 19. That Order, mailed to FCI Fairton, was returned to the Court as undeliverable on September 2, 2021 because Plaintiff left Fairton on May 19, 2021. ECF No. 20.

On September 27, 2021, the Court issued a new order noting that Plaintiff had failed to comply with his affirmative duty to inform the Court of any change in address, Local Civ. R. 10.1, and directed that the June 28, 2021 Order be resent to Plaintiff at his new location, FCI Terre Haute. ECF No. 21. Plaintiff was given additional time to respond to the Order to Show Cause regarding the lack of service. Id.

Plaintiff submitted his response on October 26, 2021. ECF No. 22. He claimed that he did not serve Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, or Counselor T. Jones because the Court did not provide Plaintiff with enough copies for him to complete a USM-285 Form for each named Defendant. Plaintiff also asserted that he did not know the other Defendants' full

names and thus could not complete USM-285 Forms for Defendants M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, or Counselor T. Jones. Additionally, he claimed he was unable to complete USM-285 Forms because he was under difficult circumstances, namely: (1) he was on suicide watch from May 17, 2021 to late June 2021, (2) his property (including court records, a calendar, legal papers, legal notes, and research materials concerning the case) was only returned in July of 2021, and (3) FCI Terre Haute had limited movement due to Covid-19 such that he did not have access to research civil case law, access pertinent information regarding defendants, and lacked unspecified legal papers.  He also sought an entry of an order of default against Defendants David E. Ortiz and Charles C. Smith for their failure to answer the complaint.

On October 27, 2021, counsel for Defendants Ortiz and Smith submitted a letter to the Court seeking to clarify the status of service represented in Plaintiff's response.  ECF No. 23. Defendants Ortiz and Smith argued that the Court should deny Plaintiff's request for default because service was incomplete under Federal Rule of Civil Procedure 4(i)(3), which requires a plaintiff suing a federal employee in his or her individual capacity to also serve the United States.  Fed. R. Civ. P. 4(i)(3).  "To serve the United States, Plaintiff must serve the

5

United States Attorney and the Attorney General. . . . Plaintiff failed to comply with either of these requirements." ECF No. 23 at 1-2.

The Court denied Plaintiff's motion for default based on his failure to properly serve the United States. ECF No. 24. "[T]he Court emphasizes that Plaintiff has already been given a substantial period of time beyond Rule 4(m)'s ninety-day deadline to serve M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones." Id. at 7. The Court extended the time for service for good cause due to the lack of enough 285 Forms and "other impediments to timely service" and gave Plaintiff one final opportunity to complete service on Defendants. Id. at 8. The Court ordered the Clerk to mail Plaintiff

> a sufficient number of USM-285 Forms to serve Defendants David E. Ortiz, Charles C. Smith, M. Grissom, J. Wilk, Nicoletta Turner-Foster, E. Fletcher, G. Martin, J. Watt, Ms. Tucker, J. Suero, and Counselor T. Jones, as well as forms to serve the United States Attorney for the District of New Jersey and the United States Attorney General. Specifically, the Clerk shall provide Plaintiff with thirteen (13) USM-285 Forms (which includes nine (9) USM-285 Forms to serve each individual, named Defendant (since Defendants David E. Ortiz and Charles C. Smith were already individually served, the Court holds that Plaintiff only needs to serve the United States to complete service of these two Defendants), as well as one (1) USM-285 Form to serve the United States Attorney for the District of New Jersey and one (1) USM-285 Form to serve the United States Attorney General, and two (2) extra USM-285 Forms in case Plaintiff needs an extra copy . . . .

6

Id. at 8-9 (footnote omitted).  The Court ordered Plaintiff to return the forms within 60 days of September 9, 2022.  Id. at 9.  "[I]f Plaintiff fails to properly serve the United States, and file proof of such service, within the timeframe set forth above, this action will be dismissed against all Defendants without prejudice."  Id. at 10.  This 60-day period expired November 8, 2022.  Plaintiff has not returned any USM-285 Forms to the Clerk's Office.

"Unless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(l)(1).  Plaintiff has not filed any proof of service on the docket.  "If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Plaintiff has been given significantly more than 90 days to serve Defendants.  The Court has sent USM-285 Forms to Plaintiff on multiple occasions and provided instructions on how to complete the forms.  It notified Plaintiff on September 9, 2022 that failure to return the final set of forms within 60 days would result in dismissal for failure to serve.  ECF No. 24.  Despite the efforts of the Court to assist Plaintiff, Plaintiff has failed to properly serve Defendants.  Accordingly,

7

the complaint will be dismissed without prejudice.  Fed. R. Civ. P. 4(m).

An appropriate Order follows.

Dated: January 17, 2023          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.